# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| MARK N. CHAFFIN, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:14-0027 |
| § | |
| MICHAEL R. BRADEN and § | |
| LBC MANUFACTURING, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER ON CLAIM CONSTRUCTION

This patent case is before the Court for construction of the disputed claim terms in United States Patent No. 6,932,912 ("the '912 Patent"). The Court conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996) ("*Markman* hearing"), on September 29, 2015. Based on the evidence before the Court, the arguments presented by counsel, and the governing legal authorities, the Court issues this Memorandum and Order construing those disputed claim terms that require construction.

## I.   BACKGROUND

Plaintiff Mark N. Chaffin is the owner of the '912 Patent, entitled "Wastewater Treatment System of Residential Septic Systems." He is also the inventor of the patented system. The patent covers a wastewater treatment system in which liquid

chlorine is continuously discharged into a storage-mixing tank containing sewage effluent. Specifically, a pump in the storage-mixing tank circulates the sewage effluent through a venturi chamber and creates suction which draws chlorine into the flowing sewage effluent stream, mixing the chlorine and the sewage effluent.

Chaffin sued Defendants Michael R. Braden and LBC Manufacturing ("LBC") alleging infringement of Claims 7, 8, 11, 14, 15, and 20-24 of the '912 Patent. The parties filed a Joint Claim Construction Chart [Doc. # 26], and Amended Joint Claim Construction Chart [Doc. # 33], and extensive briefing on the disputed claim terms. The disputed claim terms include related terms "in constant fluid communication with" (in Claim 7) and "in continuous communication with" (in Claim 22). Also in dispute is the claim term "the volume of chlorine drawn from the chlorine supply canister during a period of continuous sewage effluent recirculation varies with the duration period of continuous sewage effluent recirculation" (in Claim 20). The Court conducted a *Markman* hearing regarding these claim terms, and now issues this claim construction ruling.

## II.  GENERAL LEGAL STANDARDS FOR CLAIM CONSTRUCTION

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Aventis Pharm., Inc. v. Amino Chems. Ltd.*, 715 F.3d 1363, 1373 (Fed. Cir. 2013) (quoting *Phillips v. AWH*

*Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*)). The patent claims in issue must be construed as a matter of law to determine their scope and meaning. *See, e.g., Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), *aff'g*, 52 F.3d 967, 976 (Fed. Cir.) (*en banc*); *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1317 (Fed. Cir. 2007).

"There is a heavy presumption that claim terms are to be given their ordinary and customary meaning." *Aventis*, 715 F.3d at 1373 (citing *Phillips*, 415 F.3d at 1312-13; *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). Therefore, Courts must "look to the words of the claims themselves . . . to define the scope of the patented invention." *Id.* (citations omitted); *see also Summit 6, LLC v. Samsung Elec. Co., Ltd.*, __ F.3d __, 2015 WL 5515331, *4 (Fed. Cir. 2015). The "ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.*, as of the effective filing date of the patent application." *Phillips*, 415 F.3d at 1313; *see also ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1374 (Fed. Cir. 2009). This "person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313; *ICU*, 558 F.3d at 1374.

Intrinsic evidence is the primary resource for claim construction. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d 1343, 1348 (Fed. Cir. 2010) (citing *Phillips,* 415 F.3d at 1312). For certain claim terms, "the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips*, 415 F.3d at 1314. For other claim terms, however, the meaning of the claim language may be less apparent. To construe those terms, the Court considers "those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean . . . [including] the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Id.*

The claims "provide substantial guidance as to the meaning of particular claim terms." *Id.* The Court may consider the context in which the terms are used and the differences among the claims. *See id.* "Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims." *Id.* Because the claims "are part of a fully integrated written instrument," the Court may also consider the

specification and the patent's prosecution history. *Id.* at 1315, 1317. When the claims use separate terms, "each term is presumed to have a distinct meaning." *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 847 (Fed. Cir. 2006).

### III. CONSTRUCTION OF DISPUTED CLAIM TERMS

As to the disputed claim terms in the Amended Joint Claim Construction Chart [Doc. # 33], the Court has carefully reviewed the '912 Patent, specifically its claims and specifications, and the prosecution history. The Court also has considered counsels' arguments presented at the *Markman* hearing, and governing Federal Circuit authority. On this basis, the Court construes the following disputed terms in the claims of the '912 Patent.

#### A. "In Constant Fluid Communication With" and "In Continuous Communication With"

The parties dispute the proper construction of the claim terms "in constant fluid communication with" (in Claim 7) and "in continuous communication with" (in Claim 22). Defendants argue that the claim terms do not require construction by the Court but, instead, should be given their ordinary and customary meaning. The Court concludes that construction of the claim terms is required.

The claim phrases "in constant fluid communication with" and "in continuous communication with" are part of longer phrases that both continue "with substantially the entire contained chlorine supply . . . ." The Court has reviewed the disputed claim

terms in the context of each entire claim, and has considered the parties' arguments and explanations during the *Markman* hearing. On that basis, the subject terms are construed to mean that the second open end of the chlorine supply tube is located in a position that allows it to be in contact with the fluid in the chlorine canister at all times as long as there is a non-negligible amount of chlorine in the canister.

**B.    "The Volume of Chlorine Drawn from the Chlorine Supply Canister During a Period of Continuous Sewage Effluent Recirculation Varies with the Duration Period of Continuous Sewage Effluent Recirculation"**

The parties dispute the proper construction of the claim term "the volume of chlorine drawn from the chlorine supply canister during a period of continuous sewage effluent recirculation varies with the duration period of continuous sewage effluent recirculation" in Claim 20. Plaintiff requests a construction that "the longer the sewage effluent is recirculated without stopping, the greater the volume of chlorine that is dispensed." *See* Amended Joint Claim Construction Chart [Doc. # 33], p. 4. Defendants primarily argue that the claim term does not require construction by the Court but, instead, should be given its ordinary and customary meaning. Having considered the intrinsic evidence and the parties' arguments during the *Markman* hearing, the Court now agrees that this claim term is a "'straightforward term' that require[s] no construction." *See Summit 6*, __ F.3d __, 2015 WL 5515331 at *5.

Logic dictates, and the parties agree, that the total volume of chlorine drawn from the chlorine supply canister necessarily increases the longer the sewage effluent is recirculated. The claim term, however, does not state that the volume increases. Instead, the claim term requires only that the volume vary. To construe this claim term to require the volume of chlorine to increase would add a limitation not contained in the claim.

The claim term "varies with" is a commonly used term that has no special meaning in the relevant art. *See id.* As a result, because this claim term language is clear, no construction by the Court is required.

## IV.   CONCLUSION

The Court has considered the intrinsic evidence, including the prosecution history. The Court also has considered the parties' oral arguments and explanations during the *Markman* hearing, which the Court found very helpful and informative. Based on this consideration of the intrinsic evidence and the parties' arguments, as well as the application of governing claim construction principles, the Court construes the disputed terms in Claims 7 and 22 of the '912 Patent as set forth herein. The Court concludes that no construction is necessary for the disputed claim term in Claim 20.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this 1st day of **October, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE