United States District Court
Southern District of Texas
**ENTERED**
May 23, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| MARK N. CHAFFIN,         Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 6:14-0027 |
| MICHAEL R. BRADEN and LBC MANUFACTURING,         Defendants. | § § § § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Summary Judgment on Invalidity ("Invalidity Motion") [Doc. # 49] filed by Defendants Michael R. Braden and LBC Manufacturing ("LBC"), to which Plaintiff Mark N. Chaffin filed a Response [Doc. # 58], and Defendants filed a Reply [Doc. # 66]. Also pending are Plaintiff's Motion for Partial Summary Judgment of Direct Infringement of Method Claim 20 ("Plaintiff's Motion") [Doc. # 51], to which Defendants filed a Response [Doc. # 60], and Plaintiff filed a Reply [Doc. # 64], and Defendants' Motion for Summary Judgment of Non-Infringement ("Defendants' Non-Infringement Motion") [Doc. # 52], to which Plaintiff filed a Response [Doc. # 59], and Defendants filed a Reply [Doc. # 65].

The Court has carefully reviewed the record, including United States Patent No. 6,932,912 ("the '912 Patent"), the parties' briefing, and all evidence submitted by the parties. Based on this review and the application of relevant legal authorities, the Court **grants** Defendants' Non-Infringement Motion, **denies** Plaintiff's Motion, and **denies as moot** Defendants' Invalidity Motion.

I.   **BACKGROUND**

Plaintiff Mark N. Chaffin is the owner of the '912 Patent, entitled "Wastewater Treatment System of Residential Septic Systems." He is also the inventor of the patented system. The patent covers a wastewater treatment system in which liquid chlorine is continuously drawn from a chlorine supply canister into a storage-mixing tank containing sewage effluent. Specifically, a pump in the storage-mixing tank circulates the sewage effluent through a venturi chamber and creates suction which continuously draws chlorine into the flowing sewage effluent stream, mixing the chlorine and the sewage effluent.

Chaffin sued Defendants Michael R. Braden and LBC Manufacturing ("LBC") alleging infringement of Claims 7, 20, 21, 22, and 24 of the '912 Patent.[1]  *See*

---

[1]   Plaintiff also asserted a false marking claim under 35 U.S.C. § 292, a false advertising claim under 15 U.S.C. § 1125(a), and a tortious interference with prospective relations claim under Texas Law.  *See* First Amended Complaint [Doc. # 13]. Plaintiff has now abandoned these claims.  *See* Letter Agreements [Docs. # 55 and # 61]. The patent infringement claim is the only claim asserted in the Third Amended Complaint [Doc. # 62].

Plaintiff's Motion, p. 1.  Specifically, Plaintiff alleges that Defendants' liquid chlorinators "LBC 500" and "LBC-IM" (the "Accused Devices") infringe these five claims of the '912 Patent.

Following a *Markman* hearing, the Court issued a Memorandum and Order on Claim Construction [Doc. # 36].  The pending Motions were timely filed, have been fully briefed, and are now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits."  *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).

Summary judgment on infringement is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Ultimatepointer, L.L.C. v. Nintendo Co., Ltd.*, 816 F.3d 816, 824 (Fed. Cir. 2016).  The infringement analysis at the summary judgment stage requires the

Court to compare the patent claims as construed with the accused device. *See Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1317 (Fed. Cir. 2016). An infringement claim "is amenable to summary judgment when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016).

A patent is presumed valid under 35 U.S.C. § 282, and "overcoming that presumption requires clear and convincing evidence." *Spectrum Pharm., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015). "Where, as here, the defendants raised invalidity only as an affirmative defense, and not in the form of a counterclaim, it is ordinarily not necessary for this court to address validity once it has found noninfringement." *Aerotel, Ltd. v. Telco Group, Inc.*, 433 F. App'x 903, 916-17 (Fed. Cir. July 26, 2011) (citing *Solomon Techs., Inc. v. Int'l Trade Comm.*, 524 F.3d 1310, 1319 (Fed. Cir. 2008)).

## III. <u>INFRINGEMENT ANALYSIS</u>

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a); *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721, 726 (Fed. Cir. 2016). "Patent infringement requires a two-step analysis." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012). In the first step, the Court construes the asserted

claim terms. *See id.* The Court construed the meaning of the disputed claim terms in its Memorandum and Order on Claim Construction [Doc. # 36].

The second step, a "comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006). The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Octane Fitness, LLC v. ICON Health & Fitness,* Inc., __ U.S. __, 134 S. Ct. 1749, 1758 (2014); *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) (citing *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008)).

Claim 7 of the '912 Patent describes a wastewater treatment system wherein chlorine from a supply canister "is continuously drawn into said venturi chamber and into said recirculation pipe." Claims 20 and 21 describe a method for treating sewage effluent that includes a step of pumping sewage effluent through a venturi chamber to develop a suction "to continuously draw chlorine from a chlorine supply canister into the venturi chamber and into the recirculation pipe. . .." Claims 22 and 24

describe a wastewater treatment system wherein pumped sewage effluent creates a suction "continuously drawing chlorine from said chlorine supply canister and continuously discharging chlorine into the pumped sewage effluent . . .." A limitation in each of these claims is that chlorine is continuously drawn from the supply canister.

Defendants have presented evidence that the Accused Devices do not continuously draw chlorine from the supply canister. Unlike the device covered by the '912 Patent in which the chlorine is continuously drawn from the canister into the venturi chamber, the Accused Devices draw an initial amount of chlorine at the beginning of the pump cycle and, thereafter, intermittently draw chlorine from the canister. At times, only air is drawn into the venturi chamber and, as a result, there is an interruption in the drawing of chlorine. Although at times there are droplets of chlorine in the air that is being drawn from the supply canister, at other times only air without any chlorine is drawn.

Defendants' evidence includes screen shots from a video of simulated tests of the Accused Devices, including a videotaped test conducted by Plaintiff. The screen shots clearly reveal examples of times when only air, without any chlorine, is being drawn from the supply canister into the venturi chamber.

Additionally, Defendants' expert, James Weishuhn stated in his report that after the initial amount of chlorine is drawn into the venturi chamber, additional amounts

of chlorine were "intermittently and sporadically conveyed from the [supply] canister during the remainder of the pump cycle." *See* Weishuhn Report [Doc. # 52-2], ¶ 86. Weishuhn stated also that at times during the pump cycle, "the venturi draws air through the tube end." *See id.*, ¶ 87. Weishuhn opined specifically that chlorine is not continuously drawn into the venturi chamber during a pumping cycle by either Accused Device, and that suction does not continuously draw chlorine into the venturi chamber in the Accused Devices. *See id.*, ¶¶ 132-139.

Defendants cite also to the deposition testimony of Plaintiff's expert, Walter T. "Terry" Winn, Jr. Winn testified that he observed air in the Accused Devices "introduced along with the chlorine solution" after the initial dose of chlorine. *See* Winn Deposition [Doc. # 52-3], p. 47. Winn testified further that "if there was an identifiable break" in chlorine being drawn into the venturi chamber, then there would be no infringement. *See id.* at 54. Although Winn described the air that was drawn into the venturi tube as "air bubbles" in the chlorine, the screen shots show clearly that the "air bubbles" are at times sections of air without any chlorine (that was dyed for purposes of the videotaped tests) being drawn into the venturi chamber. At these times, the drawing of air interrupted the drawing of chlorine. An interrupted draw of chlorine is not a continuous draw of chlorine.

Plaintiff has not presented evidence that contradicts Defendants' evidence to raise a genuine issue of material fact on the "continuous draw" limitation of the asserted claims. Instead, Plaintiff has presented evidence that the chlorine volume drawn from the Accused Devices continued to increase so long as the pump cycle continued. *See* Response, pp. 1-2. Plaintiff argues that "logic dictates" that this evidence demonstrates that chlorine "<u>must be</u> continuously drawn" so long as the pump is running. *See id.* at 2 (emphasis in original). This argument, however, is refuted by the clear images from the videotaped tests which show periods of time where only air, with no chlorine, is being drawn from the supply canister.

Plaintiff notes correctly that chlorine is drawn into the venturi chamber where there is a mixture of air and chlorine. This argument does not raise a genuine issue of material fact because, although there are times during which a mixture of air and chlorine is being drawn from the canister, there are other times during which only air with no chlorine is drawn from the supply canister.

Defendants have presented evidence, including their expert's report, testimony from Plaintiff's expert, and screen shots of videotaped tests conducted by Plaintiff and Defendants. This evidence demonstrates that the Accused Devices do not continuously draw chlorine from the supply canister. Plaintiff has failed to present evidence that raises a genuine issue of material fact on this issue, and no reasonable

jury could find that the Accused Devices contain this claim limitation or its equivalent. Defendants are entitled to summary judgment on non-infringement and, consequently, their Non-Infringement Motion is granted and Plaintiff's Motion is denied.

## IV.   <u>CONCLUSION AND ORDER</u>

Based on a comparison between the claims of the '912 Patent and Defendants' Accused Devices, there is no genuine issue of material fact regarding whether the Accused Devices continuously draw chlorine from the supply canister. As a result, Defendants are entitled to summary judgment on non-infringement. For the same reason that Defendants are entitled to summary judgment on non-infringement, Plaintiff's Motion for Partial Summary Judgment on Infringement is denied. Having granted summary judgment on non-infringement, Defendants' Invalidity Motion is moot. It is, therefore, hereby

**ORDERED** that Defendants Motion for Summary Judgment of Non-Infringement [Doc. # 52] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment of Direct Infringement of Method Claim 20 [Doc. # 51] is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment on Invalidity [Doc. # 49] is **DENIED AS MOOT**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 23rd day of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE