United States District Court
Southern District of Texas
**ENTERED**
August 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK N. CHAFFIN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:14-0027 |
| | § | |
| MICHAEL R. BRADEN and | § | |
| LBC MANUFACTURING, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Attorney's Fees and Non-Taxable Costs Under 35 U.S.C. § 285 ("Motion for Fees") [Doc. # 73] filed by Defendants Michael R. Braden and LBC Manufacturing ("LBC"), to which Plaintiff Mark N. Chaffin filed a Response [Doc. # 75], and Defendants filed a Reply [Doc. # 76]. The Court has carefully reviewed the record. Based on this review and the application of governing Supreme Court authority, the Court **grants** Defendants' Motion for Fees.

### I.    BACKGROUND

Plaintiff Mark N. Chaffin is the inventor and owner of United States Patent No. 6,932,912 (the '912 Patent), entitled "Wastewater Treatment System of Residential Septic Systems." The patent covers a wastewater treatment system in which liquid chlorine is continuously drawn from a chlorine supply canister into a storage-mixing

tank containing sewage effluent. Specifically, a pump in the storage-mixing tank circulates the sewage effluent through a venturi chamber and creates suction which continuously draws chlorine into the flowing sewage effluent stream, mixing the chlorine and the sewage effluent.

In April 2014, Chaffin sued Defendants alleging infringement of Claims 7, 20, 21, 22, and 24 of the '912 Patent. Specifically, Plaintiff alleged that Defendants' liquid chlorinators "LBC 500" and "LBC-IM" (the "Accused Devices") infringe these five claims of the '912 Patent.

Following a *Markman* hearing, the Court issued a Memorandum and Order on Claim Construction, and later granted Defendants' Motion for Summary Judgment. The Court noted that the evidence in the record, including videotaped testing conducted by Plaintiff, demonstrated that the Accused Devices do not continuously draw chlorine from the supply canister.

Plaintiff filed his Motion to Reconsider, which the Court denied by Memorandum and Order [Doc. # 79] entered July 26, 2016. Defendants' Motion for Fees has been fully briefed and is now ripe for decision.

## II.     LEGAL STANDARD FOR AWARD OF FEES UNDER § 285

Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent cases that the Court deems exceptional. The statute provides that "[t]he court

in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Federal Circuit has interpreted § 285 to allow an award of expenses as well as fees. *See Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983); *Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 569 (Fed. Cir. Dec. 13, 2002).

"The Patent Act does not define 'exceptional, so we construe it in accordance with [its] ordinary meaning." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2014). The Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court held that "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). In *Fogerty*, in the copyright infringement context, the Supreme Court listed factors for the Court to consider when determining whether fees should be awarded: "frivolousness, motivation, objective unreasonableness (both in

the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See Fogerty*, 510 U.S. at 534, n.19.

The Court "may award fees in the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1757. Indeed, a "case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*.

The Supreme Court in *Octane Fitness* rejected the Federal Circuit's requirement that proof of entitlement to fees under § 285 must be by clear and convincing evidence. *Id.* at 1758. Instead, the proper standard of proof for purposes of § 285 is the preponderance of the evidence standard applicable to other aspects of patent-infringement litigation. *See id.*

### III.  ANALYSIS

Plaintiff and Braden, who first met in 2000, have been selling liquid chlorinators for sewage systems since at least 2002. In January 2002, Braden filed a patent application and, in September 2003, the United States Patent and Trademark Office ("PTO") granted Braden's application and issued United States Patent No. 6,627,071 (the "Braden Patent").

Meanwhile, in February 2003, Plaintiff filed a patent application that contained nineteen (19) claims. Claims 16-19 were allowed, Claims 1-8, 11, 14, and 15 were rejected, and Claims 9, 10, 12, and 13 were objected to. *See* PTO Action [Doc. # 18-3]. Specifically, Claims 7, 8, 11 and 14 were rejected as being anticipated by the Braden Patent. *See id.* In response, Plaintiff added five new claims to the application. *See* Response [Doc. # 18-1]. Additionally, Plaintiff amended Claim 7 to include, *inter alia*, the limitation that the "chlorine is continuously drawn into the venturi chamber." *See id.* at 14. The PTO again rejected Claim 7, as well as the newly-added Claims 20-24 as anticipated by the Braden Patent. *See* PTO Action [Doc. # 18-5]. The PTO questioned whether the Braden Patent failed to disclose a system having "continuous drawing of chlorine into the venturi chamber" as asserted by Plaintiff in his response. *See id.* at 5. Plaintiff again asserted in his response to the second PTO Action, filed March 17, 2005, that his patent application disclosed a system and method in which chlorine was continuously drawn from a chlorine supply canister into the venturi chamber, a limitation Plaintiff maintained was not included in the Braden Patent. *See* Response [Doc. # 18-6], pp. 13-15. Thereafter, on August 23, 2005, the PTO issued the '912 Patent to Plaintiff.

In late 2013 or early 2014, Plaintiff purchased one of Defendants' liquid bleach chlorinators and conducted videotaped testing on the device. *See* Plaintiff's Depo.,

Exh. A to Motion for Fees, p. 33. The videotaped test, which was an important part of the summary judgment record in this case, clearly revealed times when only air, without any chlorine, was being drawn from the supply canister into the venturi chamber. *See* Memorandum and Order [Doc. # 70], p. 6.

After conducting the videotaped test, Plaintiff sent Defendants a letter dated February 24, 2014. *See* Cease and Desist Letter, Exh. D to Motion for Fees. In the letter, Plaintiff stated that he had "recently tested" one of Defendants' liquid bleach chlorinators. *See id.* at 1. Plaintiff stated that the tests "clearly prove" infringement and that Plaintiff believed Defendants' infringement was willful. *See id.* at 2. Plaintiff then presented Defendants with a "one-time NON-NEGOTIABLE offer" to avoid litigation. *See id.* at 5 (emphasis in original). Plaintiff demanded that Defendants immediately stop selling "all infringing products," that Braden turn over to Plaintiff all his inventory and all his intellectual property rights, that Braden provide Plaintiff with Defendants' "entire most current customer list, including contact information and addresses," that Braden sign a 10-year non-compete agreement, and that Defendants pay monetary compensation to Plaintiff. *See id.* at 5-6. Plaintiff demanded a response by March 7, 2014, only 11 days after the date of the letter that was sent to Defendants by Express Mail. *See id.*, p. 6.

Defendants, through counsel, responded to Plaintiff by letter dated March 7, 2014.  *See* Defendants' Letter, Exh. E to Motion for Fees.  Defendants requested copies of Plaintiff's testing procedures, data, and results.  *See id.* at 2.  Defendants suggested that the test results seemed to indicate that chlorine was pumped only sporadically, "not unlike trying to suck the last few drops up a straw, with air ahead and below the isolated drops of fluid."  *Id.*  Defendants stated that receiving the "testing procedures and detailed results" would allow them to address Plaintiff's concerns.  *See id.*  Defendants commented that patent litigation is expensive for everyone, likely exceeding any potential recovery.  *See id.* at 2-3.

Plaintiff responded with a letter dated March 20, 2014.  *See* March 2014 Letter, Exh. F to Motion for Fees.  The letter advised Defendants that "**Mr. Chaffin will not provide any further information regarding the testing.**"  *See id.* at 1 (emphasis in original).  In the next sentence, Plaintiff reiterated that he was "unwilling to provide further details regarding his testing procedures and results."  *See id.*  Plaintiff further advised that "**Mr. Chaffin will not agree to additional time for [Defendants] to investigate.**"  *Id.* (emphasis in original).  Plaintiff stated again that his "**offer was NON-NEGOTIABLE**" and accused Braden of "stealing from him for at least six years."  *Id.* at 2 (emphasis in original).  Plaintiff agreed that "patent litigation is costly," and advised Defendants that, if he was "forced to seek remedy in the courts,

Mr. Chaffin will pursue the maximum amount, including treble damages for willful infringement and ***attorney fees for an exceptional case***." *Id.* at 2-3 (emphasis added).

Plaintiff filed this lawsuit on April 16, 2014.[1] The parties identified disputed claim terms in the '912 Patent and filed briefing on their suggested construction of those disputed terms. Following a hearing, the Court issued is Memorandum and Order on Claim Construction. The parties filed dispositive motions, which were briefed by the parties and decided by the Court in a Memorandum and Order [Doc. # 70] entered May 23, 2016. On March 6, 2016, Defendants filed the pending Motion for Fees. On March 20, 2016, Plaintiff filed a Motion for Clarification and Reconsideration, which was denied by Memorandum and Order [Doc. # 79] entered July 26, 2016.

The Court has considered the totality of the circumstances as described above. The Court has considered the evidence regarding Plaintiff's motivation, specifically the letters Plaintiff sent to Defendants in early 2014. Based on its consideration of the full record, the Court has determined that this is an exceptional case for purposes of

---

[1] In the Original Complaint for Patent Infringement [Doc. # 1], Plaintiff also asserted a false marking claim under 35 U.S.C. § 292, a false advertising claim under 15 U.S.C. § 1125(a), and a tortious interference with prospective relations claim under Texas law, but he later abandoned these three claims.

§ 285 both with respect to the substantive weakness of Plaintiff's position on infringement and the unreasonable manner in which Plaintiff has handled this dispute.

With reference to the substantive weakness of Plaintiff's position, the videotaped evidence that Plaintiff admitted having prior to filing this lawsuit established that the Accused Devices did not continuously draw chlorine from the supply canister into the venturi chamber, an element that Plaintiff relied upon to overcome the PTO's rejection of Claim 7 in his patent application. After the Court granted Defendants' Motion for Summary Judgment, Plaintiff filed a Motion for Reconsideration that was substantively weak. Although each patent suit, unless settled, will have a party that is unsuccessful, Plaintiff in this case persisted in asserting meritless positions for over two years. This causes Plaintiff's case to stand out from others with respect to the substantive weakness of his legal positions.

The case is also exceptional in terms of the unreasonable manner in which the case was handled by Plaintiff, both before and after the lawsuit was filed. Plaintiff in his first letter to Defendants admitted having already engaged in the videotaped testing – the primary evidence on non-infringement. Plaintiff threatened to sue Defendants and to seek treble damages and attorneys' fees unless Braden gave Plaintiff his entire inventory, his customer list, his patent rights, a 10-year non-compete agreement, and paid monetary compensation. Plaintiff stated that the "offer" was non-negotiable.

Plaintiff refused to provide Defendants with additional information regarding the videotaped testing and would not agree to allow Defendants an opportunity to investigate Plaintiff's claims. Plaintiff accused Braden of stealing from him for six years.

When Braden failed to comply with Plaintiff's non-negotiable "offer" without an opportunity to obtain additional information or to conduct his own investigation, Plaintiff filed this lawsuit asserting claims of patent infringement, false marking under 35 U.S.C. § 292, false advertising under 15 U.S.C. § 1125(a), and tortious interference with prospective relations under Texas law. Plaintiff eventually abandoned the claims other than patent infringement, but not until the case had been pending for over two years.

After the Court granted Defendants' Motion for Summary Judgment, based in large part on the evidence from Plaintiff's videotaped testing in 2013, Plaintiff filed a Motion for Reconsideration. Plaintiff argued that the Court was required to construe claim terms that neither party identified as disputed. Plaintiff's unreasonable position in connection with the Motion for Reconsideration required Defendants to expend additional time and resources to respond.

Based on the totality of the circumstances, the Court has determined that this is an exceptional case under § 285. The case is exceptional both with respect to the

weakness of Plaintiff's positions on the merits, and with respect to Plaintiff's unreasonable conduct both before and during the litigation. As a result, Defendants are entitled to an award of attorneys' fees and non-taxable costs.

## IV. CONCLUSION AND ORDER

Defendants have demonstrated that this is an exceptional case for which reasonable fees and expenses may be awarded under § 285. Under the specific circumstances in this case, the Court exercises its discretion to award reasonable fees and expenses. As a result, it is hereby

**ORDERED** that Defendants' Motion for Fees [Doc. # 73] is **GRANTED**. It is further

**ORDERED** that counsel shall promptly confer and attempt to agree on an appropriate amount of attorneys' fees and expenses incurred by Defendants. It is further

**ORDERED** that, if counsel and the parties are unable to agree on an appropriate amount, Defendants shall file their request for fees and non-taxable costs, with supporting affidavits and documentation, by **August 26, 2016**. Plaintiff shall file any opposition by **September 16, 2016**, and any reply must be filed by **September 23, 2016**.

SIGNED at Houston, Texas, this **1st** day of **August, 2016**.

*[signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE