United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK N. CHAFFIN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:14-0027 |
| | § | |
| MICHAEL R. BRADEN and | § | |
| LBC MANUFACTURING, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Request for Fees and Non-Taxable Costs ("Motion for Fees") [Doc. # 88] filed by Defendants Michael R. Braden and LBC Manufacturing ("LBC"). Defendants seek to recover their attorneys' fees and costs incurred in connection with their Petition for *Inter Partes* Review ("IPR"). Plaintiff Mark N. Chaffin filed a Response [Doc. # 89], and Defendants filed a Reply [Doc. # 90]. The Court has carefully reviewed the record and relevant legal authorities. Based on this review, the Court **denies** Defendants' Motion for Fees associated with the IPR Petition.

### I.  BACKGROUND

Plaintiff Mark N. Chaffin is the inventor and owner of United States Patent No. 6,932,912 (the '912 Patent), entitled "Wastewater Treatment System of Residential Septic Systems." The patent covers a wastewater treatment system in which liquid

chlorine is continuously drawn from a chlorine supply canister into a storage-mixing tank containing sewage effluent. Specifically, a pump in the storage-mixing tank circulates the sewage effluent through a venturi chamber and creates suction which continuously draws chlorine into the flowing sewage effluent stream, mixing the chlorine and the sewage effluent.

In April 2014, Chaffin sued Defendants alleging infringement of Claims 7, 20, 21, 22, and 24 of the '912 Patent. Specifically, Plaintiff alleged that Defendants' liquid chlorinators "LBC 500" and "LBC-IM" (the "Accused Devices") infringe these five claims of the '912 Patent.

Defendants filed a Petition for IPR, challenging the validity of the asserted claims. The Patent Trial and Appeal Board ("PTAB") denied Defendants' Petition, finding that they failed to demonstrate "a reasonable likelihood of prevailing with respect to at least one [of the asserted claims] based on the asserted grounds of unpatentability." *See* PTAB Decision [Doc. # 31-1], p. 16.

Following a *Markman* hearing, the Court issued a Memorandum and Order on Claim Construction, and later granted Defendants' Motion for Summary Judgment on the issue of non-infringement. Plaintiff filed a Motion to Reconsider, which the Court denied by Memorandum and Order [Doc. # 79] entered July 26, 2016.

By Memorandum and Order [Doc. # 80] entered August 1, 2016, the Court found that this was an "exceptional case" pursuant to 35 U.S.C. § 285 and awarded Defendants their reasonable fees and expenses. The parties agreed that $229,431.05 is a reasonable amount. Defendants filed the pending request for an additional $50,008.00 in fees and costs associated with their IPR Petition. The request for these additional fees has been fully briefed and is now ripe for decision.

## II. ANALYSIS

Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent cases that the Court deems exceptional. The statute provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Federal Circuit has interpreted § 285 to allow an award of expenses as well as fees. *See Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983); *Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 569 (Fed. Cir. Dec. 13, 2002). The award of attorneys' fees under § 285 should include "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Junker v. Eddings*, 396 F.3d 1359, 1365 (Fed. Cir. 2005) (quoting *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)).

Defendants argue that they are entitled to recover the fees and expenses incurred in connection with their IPR Petition, and they cite a number of cases in which fees have been awarded for IPR or reexamination proceedings. *See* Motion for Fees, pp. 6-7. Defendants argue also that the Court should not impose a "bright-line" rule that success on an IPR Petition is a necessary requirement for recovery of those fees and expenses under § 285.

The Court agrees that there may be circumstances in which fees incurred in an unsuccessful IPR proceeding are recoverable under § 285. In the cases cited by Defendants in which fees were awarded, either the movant prevailed in the IPR or reexamination proceeding, or the proceeding resulted in rulings that were important to the court's final decision in the lawsuit. *See, e.g., Deep Sky Software, Inc. v. Southwest Airlines Co.*, 2015 WL 11202634 (S.D. Cal. June 1, 2015) (awarding fees for IPR proceeding in which all asserted claims were found to be invalid); *Scott Paper v. Moore Bus. Forms, Inc.*, 604 F. Supp. 835, 838 (D. Del. 1984) (awarding fees for reissue proceeding where the "detailed findings and conclusions reached by the PTO . . . were crucial to this Court's final determination").

In this case, however, Defendants' IPR Petition was denied and no IPR proceeding was instituted. No findings or conclusions from the PTAB in its decision denying the IPR Petition were "crucial" to this Court's ruling on summary judgment.

Instead, Defendants obtained summary judgment from this Court on the issue of noninfringement, not invalidity. Under the circumstances of this case, the Court finds that the fees and expenses incurred in connection with Defendants' unsuccessful IPR Petition were not incurred in the performance of legal services related to the lawsuit. *See, e.g., Brilliant Optical Solutions, LLC v. Comcast Corp.*, 2015 WL 1476691, *4 (D. Colo. March 27, 2015) (denying fees for preparation of IPR Petition that was not filed). As a result, the Court declines to award Defendants their IPR fees and expenses under § 285.

## III. CONCLUSION AND ORDER

Defendants are not entitled under the circumstances of this case to recover under § 285 the fees and expenses incurred in connection with their unsuccessful IPR Petition. As a result, it is hereby

**ORDERED** that Defendants' Motion for Fees [Doc. # 88] is **DENIED**. It is further

**ORDERED** that Defendants shall recover from Plaintiff their attorneys' fees and expenses in the total amount of **$229,431.05**.

SIGNED at Houston, Texas, this **26th** day of **September, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE