IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARK N. CHAFFIN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:14-0027 |
| | § | |
| MICHAEL R. BRADEN and | § | |
| LBC MANUFACTURING, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion for Partial Summary Judgment of Infringement [Doc. # 101] filed by Plaintiff Mark N. Chaffin. Plaintiff seeks summary judgment that Defendants Michael R. Braden and LBC Manufacturing ("LBC")'s systems infringe Method Claim 20 of United States Patent No. 6,932,912 ("the '912 Patent"). Defendants filed a Response and "Cross-Motion for Summary Judgment of Non-Infringement" [Doc. # 105], seeking summary judgment of non-infringement as to all asserted claims.[1]

Also pending is Defendants' Motion for Summary Judgment on Invalidity ("Invalidity Motion") [Doc. # 102]. Defendants argue that the '912 Patent is invalid

---

[1] Plaintiff filed a Reply and Opposition to Defendants' Cross-Motion [Doc. # 107], and Defendants' filed a Reply in Support of Their Cross Motion [Doc. # 111].

based on obviousness. Plaintiff filed an Opposition and "Counter Motion of No Invalidity" [Doc. # 104].[2]

The Court has carefully reviewed the record, including the '912 Patent, the parties' briefing, and all evidence submitted by the parties. Based on this review and the application of relevant legal authorities, the Court **grants** Defendants' Cross-Motion for Summary Judgment as to induced infringement and contributory infringement, and **denies** the pending motions in all other respects.

I. <u>**BACKGROUND**</u>

Plaintiff Mark N. Chaffin is the owner of the '912 Patent, entitled "Wastewater Treatment System of Residential Septic Systems." He is also the inventor of the patented system. The patent covers a wastewater treatment system in which liquid chlorine is "continuously drawn" from a chlorine supply canister into a storage-mixing tank containing sewage effluent. Specifically, a pump in the storage-mixing tank circulates the sewage effluent through a venturi chamber and creates suction which continuously draws chlorine into the flowing sewage effluent stream, mixing the chlorine and the sewage effluent.

---

[2]  Defendants filed a Reply and Response to Plaintiff's Counter Motion [Doc. # 108], and Plaintiff filed a Reply In Support of Counter Motion [Doc. # 110].

Defendant Michael R. Braden began installing septic systems using chlorine tablets. In late 2000, Braden contacted the Texas Natural Resource Conservation Commission ("TNRCC") to inquire whether it would allow septic system chlorinators using liquid chlorine instead of tablets. The TNRCC responded that it had no objection. Braden began working on a chlorinator that used liquid chlorine in a venturi-based dosing system that had a check valve to draw one quick, uniform dose of liquid chlorine into the pump tank (the "Braden Chlorinator"). He hired a patent attorney in March 2001 to research prior art before filing his patent application on January 7, 2002. The patent issued as United States Patent No. 6,627,071 (the "Braden Patent") on September 30, 2003.

Chaffin sued Defendants, alleging infringement of the '912 Patent.[3] *See* Third Amended Complaint [Doc. # 62]. Claims 7, 14, 22 and 24 are "Apparatus Claims" and Claims 20 and 21 are "Method Claims." Plaintiff alleges that Defendants' liquid chlorinators "LBC 500" and "LBC-IM" (the "Accused Devices") infringe the '912 Patent.

---

[3] Plaintiff also asserted a false marking claim under 35 U.S.C. § 292, a false advertising claim under 15 U.S.C. § 1125(a), and a tortious interference with prospective relations claim under Texas Law. *See* First Amended Complaint [Doc. # 13]. Plaintiff later abandoned these claims. *See* Letter Agreements [Docs. # 55 and # 61]. As a result, the patent infringement claim is the only remaining claim.

By Memorandum and Order [Doc. # 70] and Final Judgment [Doc. # 71] entered May 23, 2016, the Court held that the Accused Devices did not infringe the claims of the '912 Patent. The Court held that there was no genuine issue of material fact that the Accused Devices did not "continuously draw chlorine" into the venturi chamber.

Plaintiff filed a Motion to Clarify and Reconsider [Doc. # 74], arguing that the Court failed to construe the claim term "continuously draw." Plaintiff argued that the Court should have construed the claim term according to its ordinary and customary meaning. By Memorandum and Order [Doc. # 79] entered July 26, 2016, the Court held that Plaintiff waived his right to seek construction of the claim term "continuously draw" by failing to identify it as a disputed term and failing to seek construction during the *Markman* briefing and hearing. The Court held alternatively that the ordinary and customary meaning of the claim term "continuously draw" is "pull without interruption." *See* Memorandum and Order denying Motion to Reconsider [Doc. # 79], pp. 5-6. The Court denied further reconsideration, noting again that Plaintiff's own evidence demonstrated that the Accused Devices did not "continuously draw" chlorine from the chlorine supply canister into the venturi chamber.

The Federal Circuit reversed. *See Chaffin v. Braden*. 696 F. App'x 1001 (Fed. Cir. June 23, 2017). The Federal Circuit held that Plaintiff had not waived his right to seek construction of the claim term "continuously draw" because this Court, as an alternative ruling, construed the term. *See id.* at 1006. The Federal Circuit then held that the term's plain and ordinary meaning was "dispense in an ongoing fashion, as long as sewage effluent flows through the venturi chamber." *See id.* at 1007. The Federal Circuit noted that the "flow of chlorine *need not* be uniform or uninterrupted."[4] *See id.* (emphasis in original). The Federal Circuit remanded the case to this Court for further proceedings.

Following remand, the parties again filed dispositive motions. The motions regarding invalidity and the motions regarding infringement have been fully briefed and are now ripe for decision.

---

[4] The Federal Circuit appears to have been persuaded by Plaintiff's argument that this Court's construction incorrectly focused on the flow of chlorine. This Court did not construe the claim term with a focus on the flow of chlorine. Instead, the Court construed the term "continuously draw" according to its plain and ordinary meaning as "pull without interruption." *See* Memorandum and Order denying Motion to Reconsider [Doc. # 79], pp. 5-6. Indeed, the word "flow" does not appear in either the Memorandum and Order granting Summary Judgment [Doc. # 70] or the Memorandum and Order denying Motion to Reconsider.

## II. SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits." *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).

Summary judgment on infringement is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Ultimatepointer, L.L.C. v. Nintendo Co., Ltd.*, 816 F.3d 816, 824 (Fed. Cir. 2016). The infringement analysis at the summary judgment stage requires the Court to compare the patent claims as construed with the accused device. *See Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1317 (Fed. Cir. 2016). An infringement claim "is amenable to summary judgment when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016).

A patent is presumed valid under 35 U.S.C. § 282. *See Spectrum Pharm., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015). Therefore, to obtain summary judgment on invalidity, the moving party must overcome the presumption of validity with clear and convincing evidence. *See id.*

## III. INFRINGEMENT ANALYSIS

Plaintiff argues, based on a joint infringement theory, that the Accused Devices infringe Claim 20, a Method Claim. Otherwise, Plaintiff is not alleging direct infringement of any other Asserted Claim. *See* Plaintiff's Reply [Doc. # 107], pp. 13-14. As to the Apparatus Claims, Plaintiff argues that the end users of the Accused Devices directly infringe the '912 Patent, and asserts induced and contributory infringement by Defendants.

Defendants seek summary judgment of non-infringement of all Asserted Claims. Defendants argue that the Accused Devices do not directly infringe any of the Asserted Claims. Defendants argue also that they are entitled to summary judgment on Plaintiff's claims of induced infringement and contributory infringement.

### A. **Method Claim 20 - Direct Infringement by Joint Infringement**

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a); *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721, 726 (Fed. Cir. 2016).

Allegations of direct patent infringement require a two-step analysis. *See Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012). In the first step, the Court construes the asserted claim terms. *See id.*

The second step, a "comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006). The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Octane Fitness, LLC v. ICON Health & Fitness,* Inc., __ U.S. __, 134 S. Ct. 1749, 1758 (2014); *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) (citing *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008)).

Claim 20, the only claim that Plaintiff alleges Defendants directly infringe, describes a method for treating sewage effluent that includes a step of pumping sewage effluent through a venturi chamber to develop "a suction to continuously draw chlorine from a chlorine supply canister into the venturi chamber and into the recirculation pipe. . .." This Court construed the term "continuously draw" to mean

to "pull without interruption." *See* Memorandum and Order denying Motion to Reconsider, pp. 5-6. Plaintiff appealed this Court's construction, and argued to the Federal Circuit that the claim term should be construed to mean "continuously move by suction." *See Chaffin*, 696 F. App'x at 1006. The Federal Circuit decided against the claim construction suggested by Plaintiff and, instead, construed the term "continuously draw" to mean "***dispense*** in an ***ongoing*** fashion, as long as sewage effluent flows through the venturi chamber." *See Chaffin*, 696 F. App'x at 1007 (emphasis added).

The parties have not presented evidence regarding whether the Accused Devices "dispense" chlorine in an ongoing fashion.[5] The term "dispense" generally means to "deal out" or to "distribute." *See* Random House Dictionary of the English Language; *see also* Webster's New World Dictionary ("to give or deal out; distribute"). There is no evidence or meaningful argument regarding whether the Accused Devices distribute chlorine from a chlorine supply canister into the venturi chamber. Absent specific evidence on this issue, an issue presented by the Federal

---

[5] The Federal Circuit's construction of the term "continuously draw" eliminates the limitation "draw" and substitutes the limitation "dispense" as used in relation to the venturi's effect on the chlorine in the supply canister. This Court must and will apply the Federal Circuit's construction as the law of the case.

Circuit's claim construction, summary judgment is denied as to infringement and as to non-infringement.[6]

Genuine issues of material fact also preclude summary judgment regarding Plaintiff's "joint infringement" theory. Under a joint infringement theory, applicable where "no single actor performs all steps of a method claim," direct infringement occurs only if "the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017). An entity will be held responsible for others' performance of method steps under a joint infringement theory in either of two circumstances: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017). Summary judgment is inappropriate on the joint infringement issue because there are genuine issues of material fact regarding Defendants' control.

---

[6] If requested, the Court would consider reopening discovery in this case to allow the parties to investigate whether the Accused Devices "dispense" chlorine in an "ongoing fashion" "from" a "chlorine supply canister" into the venturi chamber.

## B. Apparatus Claims - Induced and Contributory Infringement

Plaintiff concedes that Defendants' Accused Devices do not directly infringe Claims 7, 14, 22 and 24, the Apparatus Claims, of the '912 Patent. Instead, Plaintiff asserts claims of induced infringement and contributory infringement.

Section 271 prohibits induced infringement and contributory infringement. *See* 35 U.S.C. § 271(b) and (c). Both theories require knowledge of the patent in suit and knowledge of patent infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, __ U.S. __, 135 S. Ct. 1920, 1926 (2015). For induced infringement, the accused infringer must have specifically intended the third-party to infringe the patent-in-suit and must have known that the third-party's acts constituted infringement. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018). For contributory infringement, the plaintiff must prove the defendant acted with knowledge that his activity would causes infringement. *See id.* at 1357. A defendant's belief in non-infringement, based on its reasonable claim construction argument, negates the knowledge requirement of indirect infringement. *See Commil USA*, 135 S. Ct. at 1928 (if a defendant reads the patent's claims differently from the plaintiff, and if the defendant's reading is reasonable, then the accused infringer should not be liable for indirect infringement); *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1348 (Fed. Cir. 2016) (upholding finding of induced infringement where defendant's

"infringement position was objectively unreasonable"); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 523 (Fed. Cir. 2016).

In this case, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding Defendants' requisite knowledge of infringement. Defendants understood the relevant claims in the '912 Patent to require a "continuous draw of chlorine" into the venturi chamber. Defendants believed that the Accused Devices did not meet this limitation of a "continuous draw of chlorine" and, therefore, there could be no infringement. This Court agreed. Although the Federal Circuit construed the claim term "continuous draw" to have a different meaning, there was no suggestion that this Court's construction was unreasonable. Indeed, the Court's construction – similar to Defendants' understanding of the proper claim construction – was reasonable and consistent with the common meaning of the term "continuously draw." Because Defendants had an objectively reasonable understanding that their Accused Devices were non-infringing, there is no genuine issue of material fact regarding whether they had "knowledge" that they were inducing or contributing to infringement. Defendants are entitled to summary judgment on the induced infringement and contributory inducement claims.

## IV. **INVALIDITY ANALYSIS**[7]

Defendants argue that the '912 Patent is invalid under § 103 as obvious in light of a modification or combination of prior art references under § 102(e) and § 102(g)(2).[8] Section 102(e) provides that a person can obtain a patent unless "the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent. . .." 35 U.S.C. § 102(e). Section 102(g)(2) provides that an applicant is not entitled to a patent if "before such person's invention thereof, the invention was made in this country by another, who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2).[9]

---

[7] Plaintiff notes that the Patent Trial and Appeals Board ("PTAB") declined Defendants' application for *inter partes* review. This administrative decision has no probative value. Moreover, PTAB decisions, even where *inter partes* review is undertaken and a substantive ruling issued, are not binding on this Court. *See, e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) (PTAB determinations are non-binding and "of little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness").

[8] Section 102 was amended as part of the America Invents Act, but § 102(e) and § 102(g)(2) remain applicable for patents issued prior to March 16, 2013. *See EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, 859 F.3d 1341, 1345 n.1 (Fed. Cir. 2017); *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1377 n.1 (Fed. Cir. 2015).

[9] Plaintiff argues that Defendants have not asserted that the Braden Chlorinator, as (continued...)

## A. Applicable Legal Principles

A patent is obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a); *DSS Tech. Mgmt., Inc. v. Apple Inc.*, __ F.3d __, 2018 WL 1439893, *4 (Fed. Cir. Mar. 23, 2018); *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014). "Obviousness is a question of law based on underlying factual findings: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective indicia of nonobviousness." *Id.* (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)). A court must consider all these factors prior to deciding the obviousness issue. *See id.*

---

9     (...continued)
opposed to the Braden Patent, is prior art under § 102(g)(2). This assertion is inconsistent with the record. In Defendants' Final Invalidity Contentions, dated November 18, 2015, Defendants asserted clearly that they "manufactured and installed chlorinators embodying the claims of Braden [Patent] beginning prior to Plaintiff's alleged dates of conception and reduction to practice." To the extent Defendants were obligated to include the § 102(g)(2) reference in their Second Amended Answer and Affirmative Defenses, filed May 15, 2016, after the Final Invalidity Contentions, the Court finds good cause to allow Defendants to file an amended answer to clarify their reliance on the Braden Chlorinator as prior art under § 102(g)(2).

(citing *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1076-77 (Fed. Cir. 2012)).

A party seeking to invalidate a patent on obviousness grounds must establish "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Id*. (internal quotations and citations omitted). The "overall inquiry must be expansive and flexible." *Id*. (citing *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415, 419 (2007). A patent can be obvious "in light of a single prior art reference if it would have been obvious to modify that reference to arrive at the patented invention." *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016).

B.   **Analysis**

The first *Graham* factor is the "scope and content of the prior art." *Graham*, 383 U.S. at 17. In this case, Defendants cite the Braden Patent and the Braden Chlorinator as the primary prior art reference and argue that the '912 Patent is invalid as obvious in light of modification or combination with other prior art references. Plaintiff disputes that the Braden Patent and the Braden Chlorinator are prior art references, asserting that the invention and application resulting in the '912 Patent predated the Braden Chlorinator and the Braden Patent. As explained below, there are

genuine issues of material fact regarding the dates of invention of Chaffin's chlorinator and the Braden Chlorinator.

Braden filed the application for the Braden Patent on January 7, 2002. The application for the '912 Patent was filed February 19, 2002. The filing date of the patent application and the date of invention are presumed to be the same unless and until an earlier date of invention is proved. *See Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986); *Core Survival, Inc. v. S&S Precision, LLC*, 2016 WL 791751 (P.T.A.B. Feb. 19, 2016).

Plaintiff argues that he invented the system covered by the '912 Patent by at least August 19, 2001. Plaintiff relies on a Non-Disclosure Agreement signed by Braden on that date, to which a drawing of Chaffin's chlorinator is attached. A similar drawing is attached to the application for the '912 Patent, but that drawing has a notation that it was "revised 10/08/01." Additionally, the drawing attached to the patent application is significantly more detailed than the drawing attached to the Non-Disclosure Agreement. If Plaintiff shows that he invented the chlorinator covered by the '912 Patent before the application for the Braden Patent was filed, the Braden Patent would not qualify as prior art under § 102(e).

Braden argues also, however, that the Braden Chlorinator is prior art pursuant to § 102(g)(2). Braden has presented evidence that the Braden Chlorinator, his system

covered by the Braden Patent, was invented by March 2001, before Chaffin alleges he invented his own chlorinator. Braden argues and presents evidence that he had reduced his invention to a marketable chlorinator by November 8, 2000, at the earliest and June 28, 2001 at the latest. Braden submits the November 8, 2000 letter to the TNRCC questioning whether he could use a liquid chlorinator in Texas, and evidence of the prior art search conducted by his patent attorney in March 2001. Braden also submits evidence of his purchase on June 28, 2001, of components for his chlorinator from Texas Pump and Supply Company. Braden also submits testimony that the Braden Chlorinator was advertised in a local newspaper in April 2001, as well as testimony from his father and his wife regarding the date of invention of the Braden Chlorinator.

With reference to the date of Plaintiff's invention and the date of Braden's invention, the evidence submitted by the parties raises genuine issues of material fact. Until the disputes regarding the dates of invention are resolved by the fact-finder, it cannot be determined whether the Braden Chlorinator and/or the Braden Patent qualify as prior art for purposes of the § 103 obviousness analysis. Therefore, neither party is entitled to summary judgment on invalidity.[10]

---

[10] The parties debate other factual issues relevant to the invalidity motions. For example, they and their experts disagree about the correct level of ordinary skill in the art. They debate whether a person of ordinary skill in the art would have been
(continued...)

## V. CONCLUSION AND ORDER

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding the knowledge element of the induced and contributory infringement claims in connection with the Apparatus Claims, and Defendants are entitled to summary judgment on those claims. There are genuine issues of material fact, however, that preclude summary judgment regarding alleged infringement of the Method Claims.

There are genuine issues of material fact regarding the dates of invention of Chaffin's chlorinator and the Braden Chlorinator. These fact disputes preclude summary judgment on the invalidity motions. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment of Infringement [Doc. # 101] is **DENIED**. It is further

**ORDERED** that Defendants' Cross-Motion for Summary Judgment on Non-Infringement [Doc. # 105] is **GRANTED** as to the claims of induced infringement and contributory infringement and **DENIED** in all other respects. It is further

---

[10] (...continued)
motivated to combine or modify the prior art to create the invention covered by the '912 Patent. They debate the effect of secondary considerations on the obviousness analysis, particularly the "near simultaneous invention by another." The Court does not need to reach these issues in any detail in this Memorandum and Order. These issues will, instead, need to be presented to and resolved by the jury at trial.

**ORDERED** that Defendants' Motion for Summary Judgment of Invalidity [Doc. # 102] and Plaintiff's "Counter Motion of No Invalidity" [Doc. # 104] are **DENIED**.  It is further

**ORDERED** that counsel shall appear before the Court for a status and scheduling conference on **Friday, May 11, 2018, at 11:00 a.m.**

SIGNED at Houston, Texas, this 16th day of **April, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE